**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Remnant David, Oclean Trust, Settlor Betty
J. Wilson, and Trustee Darrell C. Wilson,

Plaintiffs,

v.

McCalla Raymer Leibert Pierce (Joshua Em-
berton), Reed Smith LLP (Colette Willer),
Judge Marian E. Perkins,

Defendants.

No. 1:25-CV-04418

Judge Edmond E. Chang

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Remnant David, Oclean Trust, Settlor Betty J. Wilson, and Trustee

Darrell C. Wilson, who are litigating this case *pro se*, filed a complaint against De-

fendants Joshua Emberton of law firm McCalla Raymer Leibert Pierce (which goes

by MRLP), Colette Willer of Reed Smith LLP, and state Judge Marian Perkins, alleg-

ing various claims in connection with Wells Fargo Bank's foreclosure action against

the Wilsons in Illinois State Court.[1] R. 1, Compl. 1–2a.[2] MRLP and Reed Smith have

filed motions to dismiss. R. 10, Reed Smith Mot.; R. 14, MRLP Mot. For the reasons

---

[1]As far as the Court can discern, the Plaintiffs bring their claims under the Tucker
Act, 28 U.S.C. § 1491; 42 U.S.C. §§ 1983, 1985, 1986; and the Fair Debt Collection Practices
Act, 15 U.S.C. § 1692 *et seq*. *See* Compl. at 1–2. Reed Smith and MRLP's motions have chal-
lenged the Court's subject matter jurisdiction, and this Opinion will address those argu-
ments.

[2]Citations to the record are "R." followed by the docket entry number and, if needed,
a page or paragraph number.

explained below, MRLP and Reed Smith's motions to dismiss are granted and the case is dismissed with prejudice.

## I. Background

This lawsuit stems from the Wilsons' dissatisfaction with a foreclosure action involving their home. In January 2022, law firm MRLP brought a foreclosure action, for its client Wells Fargo Bank, against the Wilsons in the Circuit Court of Cook County. R. 15-1, MRLP Br. Exh. A, Foreclosure Compl. at 1. The action was assigned to Judge Marian Perkins. *Id.* The Wilsons filed a motion for summary judgment in the foreclosure action in October 2022, which was denied. R. 15-2, MRLP Br. Exh. B, Pls.' Mot. for SJ at 1; R. 15-3, MRLP Br. Exh. C, SJ Order. The Wilsons later filed a motion to dismiss in June 2023, which was also denied. R. 15-4, MRLP Br. Exh. D, Mot. to Dismiss at 1; R. 15-5, MRLP Br. Exh. E, Mot. to Dismiss Order. Wells Fargo then moved for judgment for foreclosure and sale in December 2023, which the state court granted in March 2024.[3] R. 15-6, MRLP Br. Exh. F, Mot. for Foreclosure and Sale at 1–2; R. 15-7, MRLP Br. Exh. G, Judgment for Foreclosure and Sale at 3–7. In July 2024, the state court entered an eviction order for the property so it could be sold by auction. R. 15-10, MRLP Br. Exh. J, Eviction Order at 2–4.

Before the foreclosure action had been filed, the Wilsons filed a breach of contract complaint against Wells Fargo in the Circuit Court of Cook County in July 2020. *See* R. 11-2, Reed Smith Br. Exh. B, First Wilson Compl. at 1. This action was

---

[3]The state court also granted summary judgment in favor of Wells Fargo against the Wilsons on the same day. R. 15-7, MRLP Br. Exh. G, Summary-Judgment Order.

dismissed in January 2021 for want of prosecution. *Id.* at 2. The Wilsons then filed another complaint against Wells Fargo in the Circuit Court of Cook County in October 2021. *See* R. 11-3, Reed Smith Br. Exh. C, Second Wilson Compl. at 1. The action was dismissed without prejudice on August 3, 2022. *Id.*

In October 2022, the Wilsons filed a suit against Wells Fargo, MRLP, and Reed Smith in the Northern District of Illinois, alleging various violations of federal law. *See* R2. 1, Compl.[4]  The Wilsons moved to amend their complaint in January 2023. R2. 12, Mot. to File Am. Compl. They submitted their amended complaint on the same day. R2. 13, First Am. Compl. The Court exercised its power to screen the complaint to determine whether an amended complaint would be futile and determined that it failed to state any legal claims for which relief can be granted against any of the named defendants. R2. 23, 08/25/2023 Order at 1. The Court granted the Wilsons an opportunity to file a second amended complaint. *Id.* The Wilsons did so on September 29, 2023, R2. 24, Second Am. Compl., but the Court held that the second amended complaint failed to remedy the problems identified in its August 2023 order. R2. 25, 10/04/2023 Order. The district court dismissed the case as a result. *Id.*

This brings us to the suit at hand. The Wilsons brought this suit in April 2025. *See* Compl. The crux of their claims is that Judge Perkins violated due process when she ruled in the original foreclosure action without including the finding of facts and

---

[4]Citations to the record in this first federal case, *Wilson v. Wells Fargo*, Case No. 1:22-cv-05680, are "R2." followed by the docket entry number and, if needed, a page or paragraph number.

conclusion of law, and that the foreclosing party lacked standing to foreclose. Compl. at 1; R. 19, Pls.' Resp. Br. at 2. The Wilsons also brought claims under the Tucker Act, 28 U.S.C. § 1491; as well as 42 U.S.C. §§ 1983, 1985, 1986; and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Compl. at 1–2; Pls.' Resp. Br. at 2. MRLP and Reed Smith move to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, respectively.[5] R. 11, Reed Smith Br. at 1; R. 15, MRLP Br. at 1.

## II. Legal Standard

Reed Smith and MRLP bring their motions under Civil Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. ShoreBank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), while a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the Court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002). But to survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the jurisdictional

---

[5]The Court notes that an executed waiver of service was returned by Judge Perkins on June 9, 2025. R. 21. The attorney who signed the waiver of service has not entered an appearance or filed any additional documents. But because the Court is deciding the motions to dismiss on subject matter jurisdiction grounds, this is not of consequence.

requirements have been met. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

The other ground that Reed Smith and MRLP advance in their motions to dismiss is Rule 12(b)(6). "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan*, 570 F.3d at 820. Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[6] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task ...." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

---

[6]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the plaintiff's factual allegations as true and draw reasonable inferences in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. Finally, *pro se* complaints are to be liberally construed. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In response to an ordinary Rule 12(b)(6) motion, a court limits its review to allegations in the complaint and any attachments. If a court considers matters outside the pleadings, then procedural rules generally require that the motion be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(b). But there is a narrow exception to this rule that permits a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment. *See United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (per curiam). A court has "the power to take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *United States v. Hope*, 906 F.2d 254, 260 n.1 (7th Cir. 1990) (cleaned up). "This is true even though those proceedings were not made a part

6

of the record before the district court." *Id.*; *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (confirming that court documents from a state proceeding are noticeable without converting motions to dismiss into motions for summary judgment). So this Court may take judicial notice of the previous litigation that has occurred, including the foreclosure action in state court and the first case filed in federal court by the Wilsons.

### III. Analysis

### A. Tucker Act

The Wilsons have filed a voluminous complaint, the bulk of which are documents from previous cases stemming from the foreclosure. To the best of the Court's ability to discern from the Complaint, the Wilsons bring a $200 million claim under the Tucker Act, 28 U.S.C. § 1491, for a violation of due process. Compl. at 1. Reed Smith moves to dismiss the claim on the grounds that the Tucker Act applies exclusively to actions brought against the United States, and district courts lack subject matter jurisdiction over Tucker Act claims exceeding $10,000. Reed Smith Br. at 5–6.

The Tucker Act grants the United States Court of Federal Claims with exclusive "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28

U.S.C. § 1491(a)(1). Its companion statute, the Little Tucker Act, provides district courts with original jurisdiction, concurrent with the United States Court of Federal Claims, for the same category of claims covered by the Tucker Act that do not exceed $10,000 in amount. 28 U.S.C. § 1346(a)(2). In other words, a federal district court may only consider claims brought against the United States for $10,000 or less under the Little Tucker Act. *See United States v. Bormes*, 568 U.S. 6, 10 (2012) (citing 28 U.S.C. § 1346(a)(2)). Claims against the United States that exceed $10,000 must be brought in the United States Court of Federal Claims.

The Court does not have jurisdiction over the Tucker Act claims because the claims exceed $10,000 and the United States is not a defendant. *See* Compl. at 1; *Williams v. Trump*, 495 F. Supp. 3d 673, 686 (N.D. Ill. 2020) (dismissing Tucker Act claims asserted against the Governor of Illinois). It is possible that the Wilsons have abandoned their Tucker Act claims by not discussing them in their response, as Reed Smith argues in its reply brief, but that is of no consequence. R. 27, Reed Smith Reply at 2–3. The Court dismisses the Tucker Act claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### B. *Rooker-Feldman* Doctrine

As best as the Court can discern from the Complaint, the Wilsons are dissatisfied with how the foreclosure action has been litigated by Reed Smith and MRLP.[7] *See* Compl. ¶ 7; MRLP Br. at 6–7. The Wilsons also allege that Judge Perkins violated

---

[7]Based on the Complaint, the Wilsons seem to allege that there have been delays and lack of responses from MRLP during the foreclosure process. Compl. ¶ 7.

due process by omitting certain information, such as a finding of facts, from the judgment for foreclosure and sale. Compl. ¶ 8; *see generally* Judgment for Foreclosure and Sale. Finally, they argue that Judge Perkins improperly held their pleading to a higher standard than the standard for licensed attorneys. Compl. ¶ 8. MRLP argues that all these claims must be dismissed pursuant to Rule 12(b)(1) because the federal district courts lack subject matter jurisdiction over claims seeking to void state court decisions or judgments under the *Rooker-Feldman* doctrine. MRLP Br. at 7–8. MRLP also argues that the Court cannot grant injunctive relief against state court foreclosure proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283. MRLP Br. at 8.

Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983). One of the principles justifying the doctrine is that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995).

The *Rooker-Feldman* doctrine blocks lower federal court jurisdiction when four elements are present: (1) "the federal plaintiff must have been a state-court loser"; (2) "the state-court judgment must have become final before the federal proceedings began"; (3) "the state-court judgment must have caused the alleged injury underlying the federal claim"; (4) "the claim must invite the federal district to review and reject the state-court judgment." *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754,

9

766 (7th Cir. 2024) (en banc).[8] The Seventh Circuit has also held that the *Rooker-Feldman* doctrine does not bar jurisdiction over a plaintiff's federal claim if they did not have a reasonable opportunity to raise it in the state court. *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021).

Here, the elements required for application of the *Rooker-Feldman* doctrine all apply: the Wilsons lost in state court; the judgment in the foreclosure action was entered on March 20, 2024, and the Wilsons brought this suit on April 23, 2025; the judgment caused the alleged deprivation of property; the Court cannot rule in favor of the Wilsons in this suit without reviewing and rejecting the state-court judgment; and the Wilsons had an opportunity to raise their alleged federal and state law violations in state court. *See* Judgment for Foreclosure and Sale at 8; Compl. at 1. The Wilsons cite *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), for the proposition that the *Rooker-Feldman* doctrine does not apply where plaintiffs challenge independent constitutional violations. R. 18, Pls.' Resp. at 3. But that is not what *Exxon Mobil* stands for. In *Exxon Mobil*, the Supreme Court held that the

---

[8]*Gilbank v. Wood Cnty. Dep't of Hum. Servs.* was a split *en banc* opinion by the Seventh Circuit covering the applicability of the *Rooker-Feldman* doctrine. Though the *en banc* panel had several points of disagreement, all judges agreed that the "inextricably intertwined" language from previous cases that has contributed to confusion in applying the *Rooker-Feldman* doctrine should no longer be relied upon. *Gilbank*, 111 F.4th at 761; *see also Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016) (discussing how the "inextricably intertwined" determination "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy"). A majority of the judges also agreed that the doctrine only applies if "state-court judgments caused the alleged injury underlying the claim." *Gilbank*, 111 F.4th at 766.

10

*Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284. The Court held that the *Rooker-Feldman* doctrine "does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.* Stated differently, the Supreme Court held in *Exxon-Mobil* that the *Rooker-Feldman* doctrine does not automatically strip a federal court of subject matter jurisdiction as soon as judgment is entered in parallel state litigation; instead, preclusion law applies in the federal litigation once the state court adjudication is complete. *Id.* at 292–93. *Exxon-Mobil* is not applicable here because the federal suit was brought after judgment was entered in the foreclosure action. So *Rooker-Feldman* does apply here. With that jurisdictional block in place, there is no need to discuss the Defendants' argument on claim preclusion. *See* MRLP Br. at 9–10. Indeed, "[w]here *Rooker-Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

### C. Judicial Immunity

Finally, the Wilsons bring claims against Judge Perkins for "depriv[ing] [them] of property without the administration of justice," "breach[ing] the duty of care owed when the judge held the plaintiff's pleading to a higher standard than a licensed

11

attorney," and "rul[ing] in the case without including the finding of facts, and conclusion of law as evidence." Compl. at 2; Compl. ¶ 8. As discussed above, the subject matter jurisdiction flaw applies to the entire case, including the claims against the state judge. But the claims would fail for an independent reason too: judges "are absolutely immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation." *Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017). The Wilsons do not try to explain why Judge Perkins is not entitled to immunity, nor do they contend that Judge Perkins acted other than in a judicial capacity. *See generally* Pls.' Resp. To the extent the Wilsons allege that Judge Perkins acted in bad faith, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). So, even if there were no *Rooker-Feldman* problem, the claims against the state judge could not proceed.

## IV. Conclusion

Reed Smith has asked the Court to sanction the Wilsons and declare them vexatious litigants. Reed Smith Br. at 9–10; Reed Smith Reply at 4. Reed Smith has also requested that the Court be required to pay attorneys' fees and costs associated with defending against the action. Reed Smith Br. at 10; Reed Smith Reply at 4. Though the Court recognizes the frequency with which the Wilsons have filed motions in this case, despite the Court's directive to refrain from filing new motions unless they are pertinent to the dismissal motions or procedurally proper, the Court will not sanction

12

the Wilsons for now given the complexity of the *Rooker-Feldman* doctrine. But the Wilsons are on notice now that any other case that they file to challenge the foreclosure will subject them to the risk of sanctions.

The case is dismissed for lack of subject matter jurisdiction. The Wilsons offer no factual allegations that can fix that problem, so final judgment shall be entered.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 30, 2026

13